**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-CV-71-KSF

STEPHEN D. EDENS                                                                                         PLAINTIFF

VS:                         **MEMORANDUM OPINION AND ORDER**

TAMARA D. PASKEY, ET AL.                                                                         DEFENDANTS

Stephen D. Edens ("Edens") has submitted a *pro se* complaint seeking damages for negligence arising out of a motor vehicle accident [Record No. 1]. The Court has granted Edens's motion to proceed *in forma pauperis* under 28 U.S.C. §1915 [Record No. 2] by separate Order.

The Court screens *in forma pauperis* complaints pursuant to 28 U.S.C. §1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). As Edens is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2).

**BACKGROUND**

In his complaint, Edens alleges that on September 16, 2004, he was involved in a motor vehicle accident in Lexington, Kentucky, with Defendant Tamara Paskey. Edens alleges that Tamara Paskey did not see his vehicle proceeding eastbound on Richmond Road when she attempted to

make a lefthand turn off Richmond Road onto Fontaine Road, resulting in a collision. Edens alleges that Tamara Paskey's conduct amounts to negligence and/or gross negligence.

Edens alleges that Tamara Paskey was a minor at the time of the accident, and that another named defendant, Thomas Paskey, was her legal guardian at the time. The third named defendant is Farmers Insurance Group, which underwrote the automobile insurance policy held by Thomas Paskey. Edens alleges that he resides in Fayette County, Kentucky. He further alleges that Tamara Paskey resides in Jefferson County, Kentucky; Thomas Paskey resides in McHenry County, Illinois; and Farmers Insurance Group is a foreign corporation incorporated under the laws of California and authorized to do business in Kentucky.

**DISCUSSION**

Federal courts are courts of limited jurisdiction. The two primary types of cases over which a federal court may exercise jurisdiction are those involving "federal questions" and those involving a "diversity of citizenship." Under the former, the Court may exercise jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. In this case, Edens alleges that the defendants were negligent or grossly negligent, claims arising under Kentucky law. Such claims do not present a federal question to sustain this Court's jurisdiction.

Under the latter, the Court possesses jurisdiction over actions involving citizens of different states and in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §1332. The damages sought by the plaintiff in this case clearly exceed $75,000.00. However, the plaintiff is a resident of Kentucky, the defendants are residents of Kentucky, Illinois, and California. The plaintiff therefore resides in a different state than Thomas Paskey and Farmers Insurance Group, but resides in the same state as Tamara Paskey. Section 1332's "diversity"

requirement means "complete diversity," meaning that no defendant may be a resident of the same state as the plaintiff. *See Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) ("Diversity of citizenship, the basis for jurisdiction in the present case, exists only when no plaintiff and no defendant are citizens of the same state."). Because Edens and Tamara Paskey are both residents of the Commonwealth of Kentucky, this Court lacks diversity jurisdiction over the claims asserted in the plaintiff's complaint. It must therefore be dismissed without prejudice.

### CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1) Plaintiff Stephen D. Edens's complaint is **DISMISSED**, without prejudice.

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This March 23, 2007.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**